IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02697-BNB

CRAIG JAMES NICHOL,

    Applicant,

v.

WARDEN JOHN DAVIS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 14 2011

GREGORY C. LANGHAM
                 CLERK

## ORDER DISMISSING CASE

Applicant, Craig James Nichol, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On November 8, 2010, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise either or both of those defenses. On November 24, 2010, Respondent filed a Pre-Answer Response. Mr. Nichol filed a Reply on December 9, 2010. Subsequently, Magistrate Judge Boland entered an order directing Mr. Nichol to show cause why the action should not be dismissed as a mixed petition for failure to exhaust state court remedies.

On January 11, 2011, Mr. Nichol filed a "Motion to Withdraw § 2254 Habeas Corpus Petition, Without Prejudice in Order to Exhaust State Remedies, as Required Under 28 U.S.C. § 2254(b)(1)(A)." The Court must construe the Motion liberally

because Mr. Nichol is a *pro se* litigant. **See *Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1)(A), Fed. R. Civ. P., provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer has been filed by Respondents in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. **See** J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); ***Hyde Constr. Co. v. Koehring Co.***, 388 F.2d 501, 507 (10th Cir. 1968).

The Court construes the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i). The file will be closed as of January 11, 2011, the date the Notice was filed with the Court. **See *Hyde Constr. Co.***, 388 F.2d at 507.

Accordingly, it is

ORDERED that the Motion is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of January 11, 2011, the date Mr. Nichol filed the Notice in this action.

DATED at Denver, Colorado, this __14th__ day of ___January___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02697-BNB

Craig James Nichol
Prisoner No. 127451
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Katherine Anne Hansen
Senior Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 14, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk